UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHIGOZIE OKEY,

      Plaintiff,

v.

IKEA CANTON and
COREY ONEAL,

      Defendants.
_____/

Civil Case No. 25-11710
Honorable Linda. V. Parker

**<u>OPINION AND ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS, SUMMARILY DISMISSING COMPLAINT IN PART, AND REQUIRING PLAINTIFF TO FILE AN AMENDED COMPLAINT</u>**

On June 9, 2025, Plaintiff filed this pro se action against his former employer, IKEA Canton ("IKEA"), and his former coworker, Corey Oneal.[1] (ECF No. 1.) That same day, Plaintiff also filed an application to proceed in forma pauperis. (ECF No. 2.) From what the Court can discern from Plaintiff's Complaint, he alleges that he was discriminated against during his employment with IKEA in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"),

---

[1] Although the heading of Plaintiff's form Complaint does not include Oneal, Plaintiff identifies him as "Defendant No. 2" in Section I.B. of the form. (*See* ECF No. 1 at PageID.2.)

the American with Disabilities Act ("ADA"), and "[t]he equality principle of the Fourteenth Amendment." (ECF No. 1 at PageID.4.)

This Court is granting Plaintiff's application to proceed IFP, but for the reasons set forth below, is dismissing his claims against Oneal, dismissing his Fourteenth Amendment claim, and requiring Plaintiff to file an amended complaint.

I.   BACKGROUND

In the complaint, Plaintiff provides a timeline and details a series of incidents during his employment at IKEA in which he claims he was discriminated against based on his race, color, national origin, and disability or perceived disability. (ECF No. 1 at PageID.5.) Beginning in 2022, Plaintiff alleges that Oneal, "put his semen in [Plaintiff's] drink" while the two were at work. (*Id*. at PageID.11.) This resulted in "negative side effects" for Plaintiff, including spending "most of [the] work hour running back and forth to the bathroom[.]" (*Id*.) Plaintiff claims that "three other incidents" followed this initial alleged tampering with his drink, though the timeline provided only notes two additional instances of something being placed in Plaintiff's water bottle, one in June 2023 and one in March 2024. (*Id*. at PageID.9.) The alleged incidents ultimately caused Plaintiff to "stop bringing water to work[,] fearing for [his] safety[.]" (*Id*. at

2

PageID.11.)  On June 27, 2024, Plaintiff was fired, allegedly in "retaliation [for the] Corey situation."  (*Id*. at PageID.10.)

Plaintiff also alleges that coworkers from his department "conspired" against him to "get rid" of him.  (ECF No. 1 at PageID.11.)  These coworkers allegedly lodged "so many" complaints against Plaintiff that his pay was reduced as the complaints negatively impacted his performance evaluation.  (*Id*.)  It is Plaintiff's belief that the coworkers did this "to keep an African American from receiving equal pay as everyone else."  (*Id*.)

Plaintiff identifies other incidents in his timeline and complaint but provides no further details about them.  For example, on May 31, 2024, someone allegedly smeared blood on Plaintiff's workstation.  (ECF No. 1 at PageID.10).  Similarly, on June 5, 2024, someone allegedly left snot on Plaintiff's workstation.  (*Id*.)  Plaintiff also alleges that "some made death threats" and "[t]hey encouraged each other to be abusive to me[,]" but does not say who he is accusing of this behavior, or when it happened.  (*Id*. at PageID.13.)

As a result of the alleged discrimination he suffered, Plaintiff seeks damages of $85 million.  (ECF No. 1 at PageID.14.)  He claims that after consuming his allegedly contaminated drink, he "developed [a] cyst and fluid in [his] left knee[.]"  (*Id*.)  In general, Plaintiff claims that due to the alleged discrimination he faced, he "lost lots of earning potential[,]" "became stressed, anxious, and depressed[,]" and

3

felt "anger, frustration, and confusion[.]" (*Id.*) In sum, Plaintiff alleges that he "suffered greatly because [he is] a black man in an area dominated by whites." (*Id.* at PageID.13.)

## II. STANDARD

Under § 1915, a court must dismiss a case in which the plaintiff proceeds IFP "at any time if the court determines that . . . (B) the action or appeal—(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

Rule 8(a) of the Federal Rules of Civil Procedure requires that a complaint set forth a short and plain statement of the grounds upon which the court's jurisdiction depends, a short and plain statement of the claim showing that the pleader is entitled to relief, and a demand for judgment for the relief sought. A complaint must contain sufficient factual matter, that when accepted as true, "state[s] a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 555, 570 (2007)). A claim is facially plausible when a plaintiff pleads factual content that permits a court to reasonably infer that the defendant is liable for the alleged misconduct. *Id.* (citing *Twombly*, 550 U.S. at 556).

4

Generally, a less stringent standard is applied when construing the allegations pleaded in a pro se complaint. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Even when held to a less stringent standard, however, Plaintiff's Complaint fails to satisfy Rule 8.

### III. APPLICABLE LAW & ANALYSIS

#### A. Title VII & ADA Claims Against Oneal

As an initial matter, Oneal appears to be Plaintiff's co-worker. "[A]n employee/supervisor, who does not otherwise qualify as an 'employer,' cannot be held liable under Title VII and similar statutory schemes." *Wathen v. Gen. Elec. Co.*, 115 F.3d 400, 405 (6th Cir. 1997) (collecting cases). This principle applies to ADA claims against coworkers. *See Stanley v. W. Mich. Univ.*, 105 F.4th 856, 864 (6th Cir. 2024) (citing *Hiller v. Brown*, 177 F.3d 542, 546 (6th Cir. 1999)). Plaintiff's claims against Oneal must, therefore, be dismissed.

#### B. Title VII Claim

On its face, Plaintiff's complaint alleges sufficient facts to plausibly allege a hostile work environment claim under Title VII. *See Ogbonna-McGruder v. Austin Peay State Univ.*, 91 F.4th 833, 839 (6th Cir. 2024) ("[A] plaintiff asserting a hostile work environment claim must allege that [his] 'workplace is permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe and pervasive to alter the conditions of the victim's employment and create an abusive

5

working environment.'") (quoting *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 116 (2002)). As detailed above, Plaintiff allegedly endured treatment by his coworkers that made him physically ill, emotionally unwell, and fearful for his safety because of his race, color, and national origin. Accordingly, Plaintiff has plausibly plead a hostile work environment.

While Plaintiff's claim is plausible, the Complaint does not include facts to establish IKEA's liability for the alleged discrimination. "Employer liability for co-worker harassment is based directly on the employer's conduct. . . . An employer is liable if it 'knew or should have known of the charged . . . harassment and failed to implement prompt and appropriate corrective action.'" *Chancellor v. Coca-Cola Enters., Inc.,* 675 F. Supp. 2d 771, 781 (S.D. Ohio 2009) (quoting *Hafford v. Seidner*, 183 F.3d 506, 513 (6th Cir. 1999)). Plaintiff alleges no facts that speak to IKEA's knowledge of, or response to, the alleged discriminatory conduct by Oneal or Plaintiff's other coworkers. Thus, the Court is requiring Plaintiff to file an amended complaint that details how IKEA is liable for the conduct at issue.

## C. ADA Disability Claim

Plaintiff also asserts a claim under the ADA. (*See* ECF No. 1 at PageID.4.) While Plaintiff briefly suggests that he suffers from "some form of autoimmune disease[,]" he fails to specify his disability, or allege any facts that show he was

6

discriminated against in his employment because of this disability. (*Id.* at PageID.13.) But "[t]o state a claim of discrimination under the ADA, [Plaintiff] must plead facts that make plausible the inference that (1) []he is disabled, (2) []he is qualified to perform [his] job requirements with or without reasonable accommodation, and (3) []he would not have [suffered an adverse action] but for the disability." *Darby v. Childvine, Inc.*, 964 F.3d 440, 444-45 (6th Cir. 2020) (citing *Lewis v. Humboldt Acquisition Corp.*, 681 F.3d 312, 321 (6th Cir. 2012) (en banc); *Donald v. Sybra, Inc.*, 667 F.3d 757, 763 (6th Cir. 2012); *Frengler v. Gen. Motors*, 482 F. App'x 975, 976 (6th Cir. 2012)).

Therefore, the Court is requiring Plaintiff to include within an amended complaint further detail to substantiate his ADA claim against IKEA.

D.   **Fourteenth Amendment Claim**

Finally, Plaintiff asserts a claim pursuant to "[t]he equality principle of the Fourteenth Amendment[,]" which the Court liberally construes to be an Equal Protection claim. (*See* ECF No. 1 at PageID.4.) Claims asserting the violations of one's rights under the United States Constitution—rights like equal protection under the law—generally must be raised under 42 U.S.C. § 1983. *Thomas v. Shipka*, 818 F.2d 496, 499 (6th Cir. 1987), *vacated on other grounds*, 488 U.S. 1036 (1989) (explaining that § 1983 is the exclusive remedy for the alleged violations of a plaintiff's constitutional rights). To state a claim under § 1983, a

7

plaintiff must allege that (1) he was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States; and (2) the deprivation was caused by a person *acting under color of state law*. *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978); *Harris v. Circleville*, 583 F.3d 356, 364 (6th Cir. 2009). The plaintiff also must allege each defendant's personal involvement to state a claim under § 1983 against that defendant. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691-92 (1978).

Private parties, like IKEA, are not state actors unless their actions are "fairly attributable to the state." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982); *Black v. Barberton Citizens Hosp.*, 134 F.3d 1265, 1267 (6th Cir. 1998). "The under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." *Gritton v. Disponett*, 332 F. App'x 232, 237 (6th Cir. 2009) (quoting *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999)) (brackets omitted). However, a private party that has conspired with state officials to violate constitutional rights qualifies as a state actor and may be held liable under § 1983. *Moore v. City of Paducah*, 890 F.2d 832, 834 (6th Cir. 1989); *Hooks v. Hooks*, 771 F.2d 935, 943 (6th Cir. 1985).

Under Sixth Circuit Court precedent, a private party's conduct may be attributable to the state under one of three tests: the public function test, the state compulsion test, or the nexus test. *Am. Postal Workers Union, AFL-CIO v. City of*

8

*Memphis*, 361 F.3d 898, 905 (2004) (citing *Wolotsky v. Huhn*, 960 F.2d 1331, 1335 (6th Cir. 1992)). In summary,

> [t]he public function test requires that the private entity exercise powers which are traditionally exclusively reserved to the state. The state compulsion test requires proof that the state significantly encouraged or somehow coerced the private party, either overtly or covertly, to take a particular action so that the choice is really that of the state. Finally, the nexus test requires a sufficiently close relationship between the state and the private actor so that the action taken may be attributed to the state.

*Id.* (quotation marks and internal citations omitted). A plaintiff must allege facts to establish a private actor's liability under § 1983.

Plaintiff alleges no such facts to attribute IKEA's conduct to the State. And even if Plaintiff did, he fails to allege facts to establish IKEA's liability for an Equal Protection violation. "The Equal Protection Clause safeguards against the disparate treatment of similarly situated individuals as a result of government action that 'either burdens a fundamental right, targets a suspect class, or has no rational basis.'" *Cahoo v. SAS Analytics Inc.*, 912 F.3d 887, 905 (6th Cir. 2019) (quoting *Paterek v. Vill. of Armada, Mich.*, 801 F.3d 630, 649 (6th Cir. 2015)).

The Court therefore is summarily dismissing Plaintiff's Equal Protection claim for failure to state a claim upon which relief may be granted.

## IV. CONCLUSION

In summary, for the reasons set forth above, the Court is **DISMISSING** Plaintiff's claims against Oneal pursuant to § 1915(e)(2) and Oneal is

9

**TERMINATED** as a party to this action.  The Court also **SUMMARILY DISMISSES** Plaintiff's Fourteenth Amendment Equal Protection claim.  **Within twenty-one (21) days** of this Opinion and Order, Plaintiff shall file an amended complaint which complies with Rule 8 with respect to his Title VII and ADA claims against IKEA.[2]  The failure to file an amended pleading or the filing of an amended pleading which fails to satisfy Rule 8 may result in the summary dismissal of this action without further notice.

SO ORDERED.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: September 2, 2025

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, September 2, 2025, by electronic and/or U.S. First Class mail.

s/Aaron Flanigan
Case Manager

---

[2] There is a clinic at the courthouse available to assist pro se parties.  Information about the clinic is available at http://www.mied.uscourts.gov.  Representatives at the clinic may be able to assist Plaintiff in responding to this Opinion and Order.